UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS VICENTE,<br>    Plaintiff,<br><br>v.<br><br>DEP'T OF CORRECTIONS, ET AL.,<br>    Defendants. | :<br>:<br>:<br>:   Case No. 3:17cv1200(AWT)<br>:<br>:<br>: |

**RULING ON PENDING MOTIONS**

The plaintiff is currently incarcerated at Northern Correctional Institution. He filed a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against the Department of Correction, Warden Allison Black, Deputy Warden Kim Jones, Health Services Administrator Bryan Liebel, Correctional Officer J. Alexander and Nurse Jane Doe. Pending before the court are the plaintiff's motions to compel and for appointment of counsel.

**I. Motion to Compel [ECF No. 26]**

On December 18, 2017, the court dismissed all claims against the State of Connecticut Department of Correction, the claims for monetary damages and injunctive and declaratory relief against the remaining defendants in their official capacities and the Fifth and Eighth Amendment claims and the ADA claim against the remaining defendants in their individual

capacities. See Initial Review Order, ECF No. 13, at 20. The court concluded that the Fourteenth Amendment deliberate indifference to safety and deliberate indifference to medical needs claims would proceed against defendants Black, Jones, Liebel, Alexander and Jane Doe in their individual capacities. See id. at 14, 18. The court informed the plaintiff that the Clerk could not serve the complaint on the Jane Doe defendant without knowing her first and last name and permitted the plaintiff sixty days to provide the court with the first and last name of the Jane Doe defendant.

On April 4, 2018, the plaintiff informed the court that the Jane Doe defendant was Licensed Practical Nurse M. Gary. See Mot. Extension Time, ECF No. 23, at 3. The plaintiff sought an extension of time to identify Nurse Gary's first name. On April 5, 2018, the court granted the motion and directed the plaintiff to file a notice indicating the first and last name of Nurse M. Gary and to file an amended complaint listing Nurse M. Gary as a defendant by May 21, 2018.

On June 13, 2018, the plaintiff filed a motion to compel disclosure. He seeks an order directing the defendants to disclose the first name of Nurse M. Gary. The plaintiff claims

2

that he is unable to obtain this information because he is incarcerated.

The court has verified with the State of Connecticut Department of Correction Office of Legal Affairs that Licensed Practical Nurse Monique Gary is currently employed at New Haven Correctional Center. Accordingly, the court will direct the Clerk to serve a copy of the complaint, the initial review order and this order on LPN Monique Gary in her individual capacity at New Haven Correctional Center. In view of this order, the motion to compel the defendants to disclose the first name of Nurse Gary is being denied as moot.

**II.    Motion for Appointment of Counsel [ECF No. 28]**

The plaintiff seeks the appointment of pro bono counsel as an accommodation under ADA. The plaintiff claims that he has a learning disability, is illiterate and does not know how to write. He has relied on other inmates to draft his complaint and to file motions in this case. He asserts that '[h]e has been recognized in the Judicial System, priorly, to be illiterate and unable to write due to his learning disability." As indicated above, the court has dismissed the plaintiff's claims that the defendants violated his rights under the ADA.

The plaintiff states that an attorney at the Inmate Legal Aid Program ("ILAP") sent him materials but he cannot comprehend them. He contends that attorneys at ILAP cannot draft motions on his behalf pursuant to ILAP's contract with the Department of Correction.

The court notes that State of Connecticut Department of Correction Administrative Directive 10.3 provides that the Department of Correction "shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system."[1] Id. at 10.3(3). The scope of the services provided by the law firm or agency includes rendering assistance "through advice, counsel and physical preparation of meaningful legal papers such as writs, complaints, motions and memorandum of law for claims having legal merit." Id. at 10.3(4).

The plaintiff does not indicate whether he has communicated with ILAP by telephone. Although the attorneys at ILAP may not be able to represent the plaintiff in this action, they may be available to speak to him by telephone and to answer questions or provide instruction on how to file or respond to motions or

---

[1] Administrative Directive 10.3, Inmate Legal Assistance (revised November 18, 2015), is available at http://portal.ct.gov/-/media/DOC/Pdf/Ad/ad1003pdf.pdf.

conduct discovery and also may be available to draft motions or memoranda in response to motions.  Thus, the plaintiff has not demonstrated that assistance is not available through ILAP.

In addition, in this district there are limited resources in terms of counsel who are available to accept pro bono appointments.  The record as it stands, without an answer or motion having been filed in opposition to the complaint, does not support a finding that the plaintiff's claims pass the test of likely merit.  See Hodge v. Police Officers, 802 F.2d 58, 60-62 (1986).  Thus, the appointment of counsel at this time would not be a good use of a limited resource.  The motion for appointment of counsel is denied without prejudice to re-filing at a later stage of the litigation, provided the plaintiff has attempted to secure assistance from the ILAP by telephone.

**Conclusion**

The Motion to Compel, [**ECF No. 26**], is hereby **DENIED** as moot.  The Motion for Appointment of Counsel, [**ECF No. 28**] is hereby **DENIED** without prejudice.

Within twenty (20) days of the date of this order, the Clerk shall mail a copy of the complaint, the initial review order and this order and a waiver of service of process request packet to LPN Monique Gary in her individual capacity at New

5

Haven Correctional Center, 245 Whalley Avenue, P.O. Box 8000, New Haven, CT 06511.  If Nurse Gary fails to return the waiver request within thirty (30) days of the date the waiver request is mailed to her, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

Defendant Gary shall file her response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons form was mailed to her.  If the defendant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above.  She may also include any and all additional defenses permitted by the Federal Rules.

It is so ordered.

Signed this 11th of July, 2018 at Harford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge